UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X

JUAN RAMON d/b/a Juan Candelaria,

**MEMORANDUM & ORDER**
**ADOPTING R&R**
Plaintiff,       **& DENYING MOTION**
**FOR SURREPLY**

-against-

17-CV-2307(KAM)

CORPORATE CITY OF NEW YORK *et al.*,

Defendants.
--------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

Presently before the court is the Report and
Recommendation of United States Magistrate Judge Steven M. Gold,
filed on January 1, 2019, which recommends granting defendants'
motions to dismiss plaintiff's Second Amended Complaint ("SAC"),
filed February 28, 2019.  (ECF No. 62, Report and Recommendation
("R&R"); ECF No. 41, New York Notice of Motion to Dismiss; ECF
No. 52, Miami Dade Notice of Motion to Dismiss; ECF No. 31,
Second Amended Complaint ("SAC").)[1]  On January 24, 2019,
plaintiff filed an untimely objection to the R&R, the objections
to which were to be filed by January 16, 2019.[2]  (*See* R&R at 13;

_____

[1] Citations to page numbers in documents filed on the court docket using the
Electronic Court Filing System ("ECF") refer to the page numbers assigned by
ECF unless otherwise noted.
[2] Although plaintiff dated his Objections to the R&R January 14, 2019, and
asserts that he mailed his Objections to the R&R to the parties on January
14, 2019, the record indicates that plaintiff's Objections were not timely
filed.  The face of the package containing plaintiff's Objections was filed

ECF No. 64, Plaintiff's Objections to the Report and Recommendation ("Pl. Objections").)  Defendants City of New York and its executive officers, agents, employees, and those acting in concert with them (the "New York defendants") and Miami-Dade County and its executive officers, agents, employees, and those acting in concert with them (the "Miami defendants") did not object to the R&R, but on February 6, 2019, defendants jointly responded to plaintiff's objections to the R&R and asked the court to disregard plaintiff's objections as they were not timely filed.  (ECF No. 66, Defendants' Memorandum in Opposition at 1.)  Familiarity with the factual background of this action, set forth in detail in the R&R, is assumed.  (*See* R&R at 2-4.)

## I. Legal Standard

### a. Objections to the Magistrate Judge's Report and Recommendation

A district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge" in a report and recommendation.  28 U.S.C. § 636(b)(1)(C).  The court must review the portions of the R&R to which timely and proper objections are made *de novo*.  28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3).  Objections to a

---

by the Clerk of Court as an attachment to plaintiff's submissions, ECF No. 64-7 at 1, and clearly shows that plaintiff's Objections were mailed on January 23, 2019, from a United States Postal Service Retail Location via "Priority Mail 1-Day" with an expected delivery date of January 24, 2019, the date the court received plaintiff's Objections.

report and recommendation "must point out the specific portions of the report and recommendation to which [that party] object[s]." *U.S. Flour Corp. v. Certified Bakery. Inc.*, No. 10–CV-2522, 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); *see also* Fed.R.Civ.P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R & R]."). If a party "makes only conclusory or general objections," however, or only reiterates his original arguments, the court shall review the R&R for clear error. *Friedman v. Self Help Cmty. Servs.*, No. 11-CV-3210, 2015 WL 1246538, at *3 (E.D.N.Y. Mar. 17, 2015), *aff'd sub nom. Friedman v. Self Help Cmty. Servs., Inc.*, 647 F. App'x 44 (2d Cir. 2016); *see also Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. 2005); *Fortgang v. Pereiras Architects Ubiquitous LLC*, No. 16-CV-3754, 2018 WL 1505564, at *2 (E.D.N.Y. Mar. 27, 2018); *Frankel v. City of New York*, No. 06-CV-5450, 2009 WL 465645, at *2 (S.D.N.Y. Feb.25, 2009); Fed. R. Civ. P. 72(b

### b. Motion to Dismiss

The New York City and Miami-Dade County defendants moved to dismiss the SAC pursuant to Federal Rule of Civil

Procedure 12(b)(6).[3]  To survive a motion to dismiss pursuant to

Rule 12(b)(6), a complaint must contain sufficient facts, that

if accepted as true, "state a claim to relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  A complaint providing only "labels and conclusions" or

"a formulaic recitation of the elements of a cause of action

will not do." *Twombly*, 550 U.S. at 555.  A *pro se* complaint

must be construed liberally to raise the strongest claim it

suggests.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

However, it must still satisfy basic pleading requirements and,

"[b]ald assertions and conclusions of law are not adequate to

withstand a motion to dismiss." *Wilson v. Dalene*, 699 F. Supp.

2d 534, 554 (E.D.N.Y. 2010) (citations omitted).

    In deciding a motion to dismiss pursuant to Rule

12(b)(6), the court may refer to "documents attached to the

complaint as an exhibit or incorporated in it by reference, to

matters of which judicial notice may be taken, or to documents

either in plaintiffs' possession or of which plaintiffs had

knowledge and relied on in bringing suit." *Brass v. Am. Film*

---

[3] The court referred the motions to Magistrate Judge Steven M. Gold for a report and recommendation.  (*See* Docket Order Referring City of New York Motion to Dismiss, dated October 12, 2018; Docket Order Referring Miami Dade Motion to Dismiss, dated October 17, 2018.)

*Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (internal citations omitted).

### c. Motion to File Sur-reply

"Motions for leave to file sur-reply information are subject to the sound discretion of the court." *Anghel v. New York State Dep't of Health*, 947 F. Supp. 2d 284, 293 (E.D.N.Y. 2013), *aff'd,* 589 F. App'x 28 (2d Cir. 2015) (citation omitted). A sur-reply is appropriate only where the party against whom the sur-reply will be filed raises new arguments in its reply. *Id.*

## II. Discussion

Plaintiff's Second Amended Complaint stated six claims for relief:

> (1) spoliation of evidence related to defendants' allegedly disposing of certain records and documents, SAC ¶¶ 71-73, (2) violation of the Uniform Criminal Extradition Act ("UCEA"), as adopted by both New York and Florida, *id.* ¶¶ 74-78, . . . the Extradition Act of 1793 ("Extradition Act") and [the] Extradition Clause of the United States Constitution ("Extradition Clause"), *id.* ¶¶ 79-80, related to his allegedly wrongful extradition, (3) common law fraud related to the allegedly fraudulent scheme by which defendants accomplished plaintiff's arrest and extradition, *id.* ¶¶ 81-94, (4) false arrest in violation of the Fourth Amendment, *id.* ¶¶ 95-96, (5) conspiracy in violation of 42 U.S.C. §1985(3), and (6) breach of contract related to defendants' alleged breach of plaintiff's Waiver of Extradition, *id.* ¶¶ 102-113.

(R&R at 3.) Both the New York and the Miami defendants moved to dismiss plaintiff's claims arguing primarily that (1) plaintiff's claims are barred by their respective states'

statutes of limitations and (2) there is no independent cause of action for spoliation of evidence under the laws of their respective states.  (R&R at 4.)  Magistrate Judge Gold recommended dismissal of the majority of plaintiff's claims as they are precluded by the applicable statute of limitations, and further recommended dismissal of plaintiff's claim for spoliation, as the claim is not cognizable under New York or Florida law.  (R&R at 13.)  Upon both *de novo* and clear error review of the record and the R&R, the court adopts the well-reasoned and soundly analyzed R&R in its entirety.[4]  Although the untimeliness of the objections is sufficient to warrant clear error review, clear error review would be appropriate even if the objections were timely as plaintiff's objections rehash and restate arguments already considered by Judge Gold or are general and rely on conclusory and circular reasoning.

Plaintiff first challenged the R&R issued by Judge Gold on the basis that Magistrate Judge Gold lacked authority, under 28 U.S.C. § 636(c), to issue an order on a dispositive motion.  Plaintiff then noted portions of the R&R to which he

---

[4] The court finds that plaintiff's objections were untimely, and as such, may review the R&R for clear error.  *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002) ("failure to object to a magistrate judge's decision or recommendation generally forfeits the right to present those objections for appellate review").  In an excess of caution, however, the court reviewed the record *de novo*, after considering plaintiff's objections.

objected, however, the plaintiff's objections themselves were conclusory and supported by inapposite, non-binding or inapplicable cases and cases that plaintiff misrepresented or misconstrued.

Plaintiff's also made two subsidiary objections. First, he argued that the statute of limitations for his Section 1983, Section 1985, fraud, and breach of contract claims were tolled under the continuing violation doctrine due to the terms of the Waiver of Extradition and the fact that his allegedly false indictment under Indictment #9954/87 never terminated. (*See* Pl. Objections at 29, 31.) Second, he argued that that Judge Gold was biased in his adjudication of the motions to dismiss and plaintiff suffered prejudice as a result.

Plaintiff's first subsidiary objection raised issues presented to and necessarily and thoroughly considered by Magistrate Judge Gold prior to the issuance of the R&R recommending dismissal of the action. (*See* e.g. ECF No. 55, Pl. Opp. to Miami Dade Mot. to Dismiss at 10 (arguing that the statute of limitations was tolled by the pendence of the original indictment without a final adjudication).) Plaintiff dedicated substantial portions of his second subsidiary objection to describing general practices to avoid bias, and generally alleged that Magistrate Judge Gold was biased in favor of defendants. (*See* Pl. Objections to the R&R at 18-24.)

**a. Magistrate Judge Gold Has Authority to Issue a Report & Recommendation on a Motion to Dismiss**

Plaintiff's objection that Magistrate Judge Gold lacked authority to issue the R&R is meritless as it is clearly contradicted by statute, the Federal Rules of Civil Procedure and relevant case law. "A district court may refer, without the parties' consent, both nondispositive and dispositive motions to a magistrate judge for decision or recommendation, respectively." *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002) (citing 28 U.S.C. § 636; Fed.R.Civ.P. 72).

Plaintiff asserts, citing cases from other circuits, that decisions on dispositive motions may only be referred to a magistrate judge with the full consent of the parties. (Pl. Objections at 3.) Plaintiff argues that under F.R.C.P. 73(b), magistrate judges lack authority to render judgment in such cases otherwise. "Rule 73(b) of the Federal Rules of Civil Procedure requires that the parties executed and file a written consent form . . . When the magistrate judge has not received the full consent of the parties, she has no authority to enter judgment in the case, and any purported judgment is a nullity." (*Id.* (citing *Kino v. Ionization Int'l. Inc.*, 825 F.2d 1187, 1185 (7th Cir. 1987).) Because plaintiff raises this objection with

specificity and it does not rehash a previous argument, the
court reviews the issue *de novo*.

The court properly exercised its statutory authority
pursuant to 28 U.S.C. § 636(b)(1)(B) when it referred
defendants' motions to, and designated, Magistrate Judge Gold to
issue a report and recommendation. (*See* Docket Order Referring
City of New York Motion to Dismiss, dated October 12, 2018;
Docket Order Referring Miami Dade Motion to Dismiss, dated
October 17, 2018.) It is well established that magistrate
judges are authorized to issue reports and recommendations
recommending the disposition of dispositive motions without the
consent of the parties, pursuant to 28 U.S.C. § 636(b)(1). *See*
*e.g. Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014);
*Fielding v. Tollaksen*, 510 F.3d 175, 176-179 (2d Cir. 2007).
"Art. III [is] satisfied if the ultimate adjudicatory
determination [is] reserved to the district court judge."
*United States v. Raddatz*, 447 U.S. 667, 676 (1980). The
magistrate judge acknowledged as much in the R&R, stating that
objections to the R&R must be made pursuant to 28 U.S.C. §
636(b)(1) and Fed. R. Civ. P. 72(b)(2) or the parties' might
waive their right to appeal the district court's order. (*See*
R&R at 13 (citation omitted).) Further, "in providing for a *de*
*novo* determination . . . Congress intended to permit whatever
reliance a district judge, in the exercise of sound judicial

discretion, chose to place on a magistrate's proposed findings
and recommendations." 447 U.S. at 676 (citation and quotation
marks omitted). Accordingly, the court finds that Magistrate
Judge Gold was authorized to issue the R&R.

### b. Plaintiff's Subsidiary Arguments

i. Plaintiff's Claims Are Time-Barred and the
Statute of Limitations Is Not Tolled

The court adopts Judge Gold's thoroughly reasoned
recommendation that plaintiff's Section 1983 false arrest claim,
Section 1985 conspiracy claim, state law claims for fraud and
breach of contract, and wrongful extradition claims are time-
barred under both New York and Florida law. Plaintiff objected
to the R&R on the basis that his claims are not time-barred.
(*See* Pl. Objections at 24-26.) His arguments that the statutes
of limitations in New York and Florida were tolled under the
continuous violation doctrine or due to the pendency of
plaintiff's original indictment merely rehashed prior arguments
made and rejected by Magistrate Judge Gold. (*Id.*) Accordingly,
although Judge Gold's recommendation that the action be
dismissed in its entirety as time-barred is reviewed for clear
error, the court will also conduct *de novo* review. *Owusu*, 655
F. Supp. 2d at 313.

In plaintiff's Opposition to the New York defendants'
Motion to Dismiss, he argued that the New York defendants waived

10

their statute of limitations defense under the terms of the Waiver of Extradition, which plaintiff alleged mandated continuing performance. (ECF No. 45, Pl. Opp. To New York Motion to Dismiss, at 23-24.) Plaintiff argued that where a contract imposes a duty of continuing performance, "each successive breach may begin the statute of limitations running anew." (*Id*. at 23.) He asserted that as result of continuing violations of the Waiver of Extradition agreement, the statute of limitations was tolled. (*Id*. at 26.)

Plaintiff raised additional arguments for continuous tolling in his opposition to the Miami defendants' motion to dismiss. Specifically:

> "Plaintiff [asserted] that, currently and since his arrest in Florida and subsequent extradition in 1988 to New York[,] he has been hel[d], agai[n]st his will at the State of New York, and, more than thirty years had lapsed, and a[] final disposition on the merits of the accusations has not yet been rendered and, the current pendence of the Kings County Indictment #9954187 TOLLS THE STATUTE OF LIMITATION."

(Pl. Opp. to Miami Dade at 11 (internal emphasis, citation and quotations omitted).) Plaintiff argued that the Miami defendants remain liable to plaintiff during the pendency of the Kings County indictment because plaintiff has not had the opportunity to defend against the charges in the initial indictment. (*Id*.) Although Miami Dade County did not issue the indictment, plaintiff argued that, "by arresting [p]laintiff,

pursuant to the Prior Request of New York, the Miami Defendant [] acted in league with the NYC Defendants." (*Id.* at 18-19.) Plaintiff rehashes this argument in his Objections to the R&R. (*See* Pl. Objections at 23, 26.)

In the R&R, Magistrate Judge Gold explicitly found that "the contract at issue here, the Waiver of Extradition, does not require or provide for any type of continuing performance, and the continuing performance doctrine is therefore inapplicable." (R&R at 10.) Magistrate Judge Gold examined the terms of the Waiver of Extradition, which plaintiff attached to the Second Amended Complaint and relied on, in part, to support his claims. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 1993). The R&R held that the continuing violation doctrine does not apply "to discrete unlawful acts, even where those discrete acts are part of a 'serial violation,' but to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment." (R&R at 11-12 (citing *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015)).)

Magistrate Judge Gold found, and the court agrees, that plaintiff's claims arise from plaintiff's arrest, Waiver of Extradition and extradition to New York in 1988. (SAC ¶¶ 10,13, 75-76,80, 82, 86-94, 96, 101, 103.) Judge Gold found that as plaintiff was convicted pursuant to the crime for which the

12

Waiver of Extradition was executed on May 2, 1989, most of his

causes of action accrued in 1989 at the latest.  (R&R at 10-12

(citing *People v. Candelario*, 198 A.D.2d 512 (N.Y. App. Div. 2d

Dep't 1993) (affirming plaintiff's 1989 judgment of conviction

and rejecting plaintiff's contentions challenging his conviction

as lacking merit)).)  Judge Gold found that the only exception

was plaintiff's common law fraud claim, which, accepting

plaintiff's claims as true, would have arisen, at latest, in

2007, when plaintiff received a response to his FOIL request

that contained information regarding a weapons charge.  (*Id*. at

9.)

        Accordingly, based on the relevant states' statutes of

limitations for the various claims, the latest date that any of

plaintiff's claims became time barred under New York law was on

October 4, 2009, and under Florida law on October 4, 2011. (R&R

at 9-10.)  The court finds no clear error in Judge Gold's solid

legal analysis.  Moreover, the court has also considered

plaintiff's tolling arguments *de novo* and finds that tolling of

the statutes of limitations on plaintiff's claims is not

appropriate.  Consequently, the court adopts Magistrate Judge

Gold's thorough and well-reasoned recommendation in its entirety

and finds that plaintiff's claims are time-barred and must be

dismissed. (R&R at 7-12.)[5]

### ii. Plaintiff's General, Conclusory Allegations of Bias Do Not Warrant Rejection of the R&R

Plaintiff also objects to the R&R based on wandering and conclusory allegations that Magistrate Judge Gold was biased against plaintiff.  Plaintiff argues that Magistrate Judge Gold's statement that "if the recommendations made in [the R&R] are not adopted[,] . . . that defendant's motion be referred again for consideration of the defendants' remaining arguments," indicates bias by Magistrate Judge Gold and renders the R&R a disfavored "tentative opinion."  (Pl. Objections at 12-20.) Plaintiff asserts that Judge Gold's statement above and failure to consider and cite to only evidence plaintiff considered relevant and controlling, showed bias that "dramatically affected his decision-making process resulting in Prejudice to Plaintiff."  (Pl. Objections at 20.)

---

[5] Plaintiff's argument that the court should disregard the Florida and New York's statutes of limitations because, "neither state nor federal law can change or circumvent the language of the WOE," is conclusory and merely rehashes previously considered arguments.  (*See* Pl. Objections at 10.) Plaintiff attached the Waiver of Extradition to the Second Amended Complaint and to his objections to the R&R.    (*See* ECF  31-1, Exhibit A to SAC at 8-29; ECF No 64-3, Appendix B. to Pl. Objections, Waiver of Extradition, at 54-97.) Plaintiff's argument that Judge Gold failed to scrutinize the Waiver of Extradition, (See Pl. Objections at 10), is plainly incorrect as the R&R indicates that Judge Gold reviewed the Waiver of Extradition and the applicable law prior to determining that plaintiff's action was time-barred. (*See* R&R at 10 (stating "the contract at issue here, the Waiver of Extradition, does not require or provide for any type of continuing performance, and the continuing performance doctrine is therefore inapplicable").)   This court's review of the Waiver of Extradition yields the same conclusions reached by Judge Gold.

Plaintiff argues that Magistrate Judge Gold's stated willingness to make further findings at the Article III judge's request shows bias and renders the R&R an undesirable "tentative opinions. (*See* R&R at 14.) Plaintiff cites non-controlling dissents from inapposite Supreme Court opinions in support of his arguments. *Lochner v. New York*, 198 U.S. 45, 75 (1905) (Holmes, J., dissenting) (Justice Oliver Wendell Holmes stating that his own personal opinion on an economic theory was not relevant to the legal issue at hand); *Haddock v. Haddock*, 201 U.S. 562, 628 (1906) (Holmes, J., dissenting) (stating, in discussion of the treatment of domicile in a divorce, "I do not suppose that civilization will come to an end whichever way this case is decided"). Neither case suggests that a motion referred for a report and recommendation cannot be referred again by a district judge, if necessary, for further report and recommendation. Further, 28 U.S.C. § 636 makes clear that reports and recommendations may be modified to address additional issues. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636 (a)(1).

Plaintiff also alleges his due process rights were violated by Judge Gold's biased and improper adoption of the

Miami defendants' contention that plaintiff conflated the City of Miami and Miami Dade County. (*Id.* at 19.) However, adoption of specific findings or analyses proposed by a party is not prohibited, as long as the court's decision ultimately reflects its own independent determination, based on the record and the law. *See e.g. United States v. El Paso Nat. Gas Co.*, 376 U.S. 651, 656 (1964) ("findings of fact and one conclusion of law, all of which, we are advised, the District Court adopted verbatim . . ., though not the product of the workings of the district judge's mind, are formally his; they are not to be rejected out-of-hand, and they will stand if supported by evidence").

Judge Gold's adoption of a specific point of argument by the Miami defendants falls far short of the sort of wholesale adoption of findings of fact analyzed in *United States v. El Paso* and is insufficient to establish bias. The First Circuit case cited by plaintiff presents an extreme example of when adoption of a party's analysis might raise concerns on appellate review. (*Id*. at 19 (*citing In re Las Colinas, Inc.*, 426 F.2d 1005, 1008-1009 (1st Cir. 1970).) In *In re Las Colinas*, the First Circuit "determin[ed] whether or not the scope of [appellate] review [was] affected by the fact that the lower court, in rendering its opinion, adopted almost verbatim the proposed findings of fact and conclusions of law submitted by

the bank at the close of trial so that the entire opinion
occupying some twenty printed pages was written from end to end
by counsel." 426 F.2d at 1008. The court found that there was
no prohibition on adopting a party's proposed findings
wholesale, but stated, "the greater the extent to which the
court's eventual decision reflects no independent work on its
part, the more careful we are obliged to be in our review."
(*Id.*)

Plaintiff's additional objections that Judge Gold was
biased are unsupported by the record, to the extent that they
are untethered to any specific dispute with the R&R, and instead
propose general principles for the management and review of
disputes. For example, plaintiff criticizes the R&R because it
included irrelevant facts, omitted relevant ones, failed to
maintain a sufficiently dignified and courteous tone, included
Judge Gold's personal thoughts, and misinterpreted the gravamen
of the claims. (Pl. Objections at 12-19.) On clear error and
*de novo* review, plaintiff's bias claims contain numerous
contradictions and are meritless. In one instance plaintiff
first instructs the court "to avoid sounding antagonistic,"
saying, "the court should not address every point a losing party
raises, unless all the issues are necessary to decide the case."
(*Id.* at 17-18.) Plaintiff later states that a well-reasoned
opinion should verify the record and recount facts neutrally and

should not tailor the facts towards a particular decision. (*Id.* at 17-18.)

The court has considered the remaining allegations of bias and finds them without merit.  As such, the court need not further analyze the plaintiff's conclusory allegation of bias and prejudice on the part of Magistrate Judge Gold.  (Pl. Objections at 20.)

### c. Spoliation

Plaintiff alleges spoliation of evidence as an independent cause of action in the Second Amended Complaint. (SAC ¶¶ 71-73.)  Magistrate Judge Gold recommended dismissal of plaintiff's spoliation claim as there is no independent cause of action for spoliation available under either New York or Florida law.  (R&R at 12 (citations omitted).)  As plaintiff did not specifically object to the recommendation of the court's dismissal of his spoliation claim, the court reviews the recommendation to dismiss the claim in the R&R for clear error and finds none.  Accordingly, plaintiff's claim for spoliation of evidence is dismissed.

### d. Plaintiff's Motion to File a Sur-reply Is Denied

Plaintiff has failed to show good cause for filing a sur-reply as he has not established that the Miami defendants raised a new issue for the first time on reply.  *See Anghel*, 947 F. Supp. 2d at 293.  A sur-reply may be appropriate where the

party against whom the sur-reply will be filed raises new arguments, and the proposed sur-reply provides rebuttal information relevant to the disposition of the case. *Id.*

Plaintiff argues that a sur-reply is appropriate as the Miami defendants' reply asserts new facts: (1) a misrepresentation that they did a pre-extradition fingerprint analysis to match plaintiff's fingerprints with a homicide, and (2) a misrepresentation that plaintiff was eventually convicted of at least one of the crimes for which he was extradited. (See ECF No. 60, Motion to File Surreply, at 3-5.) However, the record, including the Waiver of Extradition that plaintiff attached as an exhibit to the Second Amended Complaint, makes clear that these representations do not constitute new facts or arguments. The fingerprint analysis described in the Miami defendant's reply was taken directly from the Waiver of Extradition. (*See* ECF No. 31-1, Waiver of Extradition, at 14.)

With regard to the alleged misrepresentation about defendant's conviction, the Waiver of Extradition states, in relevant part, "under this Agreement . . . (c) upon a conviction on charges involving Discharging of a Deadly Weapon or Firearm resulting in the death of another human being the underlying Victim Pedro Rodriguez." (*Id.* at 22.) Plaintiff was on notice of this fact prior to the Miami defendant's reply, and had even cited to the fact of his conviction for murder in his First

Amended Complaint. (*See* ECF No. 8, First Amended Complaint, ¶¶ 56- 58.) Plaintiff introduced the Waiver as evidence in support of his Second Amended Complaint and cited from it extensively in the Second Amended Complaint and in opposition to the defendants' motions to dismiss. (*See* ECF No. 54 at 6.) As such, he cannot contest the use of the waiver by defendants or argue that information contained therein is new to him and warrants a sur-reply. Further, Miami-Dade County argues that plaintiff was convicted following his extradition in its Memorandum in Support of its Motion to Dismiss, and, therefore plaintiff was on notice of the argument prior to opposing Miami-Dade's motion to dismiss. Accordingly, plaintiff's motion for sur-reply is denied, and the court shall not consider plaintiff's unauthorized sur-replies.

## III. CONCLUSION

For the foregoing reasons, the court adopts Judge Gold's well-reasoned and thorough R&R in its entirety and dismisses plaintiff's action. Further, although courts typically favor granting leave to amend, the court declines to do so here as plaintiff's claims are clearly barred by the statute of limitations, rendering any attempts at repleading

futile.  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200

(2d Cir. 2007).  The Clerk of Court is respectfully directed to

enter judgment, to mail a copy of this Memorandum and Order, the

judgment and an appeals packet to *pro se* plaintiff, note service

on the docket, and close the case.


**SO ORDERED.**

Dated:     March 21, 2019
           Brooklyn, New York

                              _____/s/_____
                              Hon. Kiyo A. Matsumoto
                              United States District Judge